UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GRISEL ALONSO, as Receiver for
Elm Tree Investment Advisors, LLC,
Elm Tree Investment Fund, LP,                    Case No. 16-CV-60797-KMW
Elm Tree 'e'Conomy Fund, LP, and                 Proceeding Ancillary to
Elm Tree Motion Opportunity, LP,                 No. 15-CV-60082-Dimitrouleas/Snow

       Plaintiff,
v.

AEROFUND FINANCIAL, INC.,
a California corporation,

       Defendant.
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM IN
RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION
TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiff, Grisel Alonso (the "Receiver"), as Receiver for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund, LP, Elm Tree 'e'Conomy Fund, LP, and Elm Tree Motion Opportunity, LP (collectively, the "Receivership Entities"), pursuant to Local Rule 7.1(C), respectfully moves for the entry of an Order granting her leave to file the attached Sur-Reply Memorandum in Response to Defendant Aerofund Financial, Inc.'s ("Defendant") Reply in Support of its Motion to Dismiss, or Alternatively, to Transfer Venue and states in support:

**PROCEDURAL BACKGROUND**

On May 23, 2016, Defendant filed a Motion to Dismiss the Complaint, or Alternatively, to Transfer Venue [D.E. 9] (the "Motion"). In support of the Motion, Defendant asserted two arguments: (1) that a "mandatory" venue provision in an agreement between Defendant and non-parties Fiberforce Communications, LLC and Frederic Elm ("Elm") requires that the Receiver's action be brought in the Northern District of California; and (2) that the Complaint should be

transferred to the Northern District of California on forum non conveniens grounds. The Motion did not advise the Court that neither the Receiver nor the Receivership Entities were parties to the agreement containing the venue provision, but instead argued that the venue provision was valid, enforceable, and mandatory and therefore must be enforced against the Receiver, who "stands in the shoes of the corporation".  (Mot. at 7).  Presumably, Defendant erroneously believed that Fiberforce Communications, LLC was a Receivership Entity. It is not.

On June 15, 2016, the Receiver filed a Response in Opposition to Defendant's Motion to Dismiss or, Alternatively, Transfer Venue [D.E. 14] (the "Response").  The Response addressed the two arguments raised by Defendant in the Motion and noted that the Receiver and Receivership Entities were not parties to the agreement with the venue provision and that Fiberforce Communications, LLC was not a Receivership Entity.

On July 7, 2016, Defendant filed a Reply to Opposition to Motion to Dismiss, or Alternatively, to Transfer Venue [D.E. 17] (the "Reply").  In the Reply, Defendant argues for the first time that (1) Elm is the "alter ego" of the Receivership Entities and thus any agreement signed by Elm, on behalf of any entity, is binding on the Receiver and (2) the Receiver, a non-signatory to the agreements, is bound by the forum selection clause therein.  The Receiver respectfully requests leave to file a Sur-Reply to address these new arguments.

### A Sur-Reply Is Required in Order to Respond to Newly-Raised Arguments

Contrary to the mandate of Local Rule 7.1(C) that the "reply memorandum shall be strictly limited to rebuttal of matters raised in a memorandum in opposition . . .," the Reply advances for the first time entirely new arguments as follows: (1) that Elm is the alter ego of the Receivership Entities; and (2) the Receiver, a non-signatory to the agreements, is bound by the

venue provision within the Defendant's agreements with Elm and Fiberforce because of Elm's alleged relationship to the Receivership Entities.

Although the Receiver believes the Court should not consider the new arguments at this time (and that the alter ego argument has been waived by the Defendant's failure to timely raise it in its initial responsive pleading), the Receiver respectfully seeks leave to file the attached Sur-Reply Memorandum to the Reply in order to respond to the new arguments first raised by Defendant on Reply.

The Receiver's counsel conferred with Peter H. Levitt, counsel for Defendant, regarding the relief requested herein, but was not informed of Defendant's position by the time of filing.

WHEREFORE, Plaintiff Grisel Alonso, as Receiver for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund, LP, Elm Tree 'e'Conomy Fund, LP, and Elm Tree Motion Opportunity, LP, respectfully requests that the Court enter an Order granting leave to file the attached Sur-Reply Memorandum in response to Defendant's Reply to Opposition to Motion to Dismiss, or Alternatively, to Transfer Venue and awarding such further relief as the Court deems just and proper.

Respectfully submitted,

**BROAD AND CASSEL**
Attorneys for Plaintiff
2 South Biscayne Boulevard, 21st Floor
Miami, FL 33131
Tel: (305) 373-9400
Fax: (305) 373-9443

By: *s/Daniel S. Newman*
    Daniel S. Newman, P.A.
    Florida Bar No. 0962767
    dnewman@broadandcassel.com
    Amanda Star Frazer, Esq.
    Florida Bar No. 43921
    afrazer@broadandcassel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2016, a true and correct copy of the foregoing was served via electronic transmission on all counsel or parties of record on the Service List below.

<i>s/Daniel S. Newman</i><br>
Daniel S. Newman, P.A.

## SERVICE LIST

Peter H. Levitt
Shutts & Bowen, LLP
Suite 4100
200 South Biscayne Blvd.
Miami, Florida 33131
plevitt@shutts.com
*Attorneys for Aerofund Financial, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

GRISEL ALONSO, as Receiver for
Elm Tree Investment Advisors, LLC,
Elm Tree Investment Fund, LP,                    Case No. 16-CV-60797-KMW
Elm Tree 'e'Conomy Fund, LP, and                 Proceeding Ancillary to
Elm Tree Motion Opportunity, LP,                 No. 15-CV-60082-Dimitrouleas/Snow

      Plaintiff,
v.

AEROFUND FINANCIAL, INC.,
a California corporation,

      Defendant.
_____/

**PLAINTIFF'S SUR-REPLY MEMORANDUM IN RESPONSE TO
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS,
OR ALTERNATIVELY, TO TRANSFER VENUE**

Plaintiff, Grisel Alonso (the "Receiver"), as Receiver for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund, LP, Elm Tree 'e'Conomy Fund, LP, and Elm Tree Motion Opportunity, LP (collectively, the "Receivership Entities"), files this sur-reply to address arguments raised for the first time in Defendant Aerofund Financial, Inc.'s ("Aerofund") Reply to Opposition to Motion to Dismiss, or Alternatively, to Transfer Venue (the "Reply") [D.E. 17].

**INTRODUCTION**

In its Reply, Aerofund argues for the first time that non-party Frederic Elm ("Elm") is the "alter ego" of the Receivership Entities and thus the venue provision in the agreements signed by Elm, individually and on behalf of non-party Fiberforce Communications, LLC ("Fiberforce"), are binding on the non-signatory Receivership Entities and, as a consequence, on the Receiver. There is no merit to this argument, however.

First, Aerofund's alter ego argument relies entirely on allegations of the Receiver in her Complaint, which are not evidence and thus insufficient to "reversely" pierce the corporate veil of the Receivership Entities. Second, even if Aerofund could establish an alter ego theory, the application of such a theory does not support a finding that the Receiver's claims in this action for fraudulent transfer under Florida's Uniform Fraudulent Transfer Act and for unjust enrichment are derivative of Aerofund's contracts with Elm and Fiberforce.

Indeed, Aerofund has conflated the identities of the Receivership Entities, Elm, and Fiberforce in an effort to bind the Receiver to a forum selection clause in an agreement between Aerofund and Fiberforce for the sale of accounts receivable, which was incorporated into a settlement agreement between Aerofund, Fiberforce, and Elm.  Aerofund first muddied the waters in its Motion when it argued that the Receiver "stands in the shoes of the corporation" and therefore was bound by the venue provision in the agreements with Fiberforce and Elm. Aerofund's Motion insinuated, misleadingly, that Fiberforce is a Receivership Entity.  It is not. Aerofund's Motion did not argue any legal or factual basis as to why the Receivership Entities, as non-signatories, would be bound by the venue provision in the Fiberforce agreements – in fact, the Motion did not acknowledge that the Receivership Entities were non-signatories at all. Instead, Aerofund argued that the venue provision was valid, enforceable, and mandatory and therefore was binding on the Receiver.

The Receiver's Response to the Motion highlighted the fact that the Receivership Entities were neither parties to nor beneficiaries of the agreements with Fiberforce and Elm.  Faced with this distinguishing, material fact, which renders the cases upon which Aerofund relied in its Motion inapposite, Aerofund now suggests in its Reply that Fiberforce is also a Receivership Entity, just not "technically" so.  Aerofund also argues that Elm's individual contractual

2

obligations and those he entered into on behalf of Fiberforce are binding on the non-signatory Receivership Entities because Elm was the "alter ego" of the Receivership Entities, a theory that Aerofund purports to have gleaned from the Receiver's Complaint.  But, the Receiver's Complaint does not allege that Elm was the "alter ego" of the Receivership Entities.  And, neither Aerofund nor the Receiver has alleged that Elm was the alter ego of Fiberforce, the company with which Aerofund did business.[1]  As a result, Aerofund's alter ego theory fails.

For the reasons set forth herein and in the Response, the Court should deny the Motion.

## **THE ALTER EGO THEORY DOES NOT SUPPORT AEROFUND'S MOTION**

Aerofund's Reply does not establish that Elm was the alter ego for the Receivership Entities, and it does not explain why the Receiver's claims in this action would be bound by a contract that Elm entered into on behalf of Fiberforce. "Alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Oginsky v. Paragon Properties of Costa Rica, LLC*, 784 F. Supp. 2d 1353 (S.D. Fla. 2011).  The *Oginsky* court stated:

> In general, a corporation is a separate legal entity, distinct from the persons comprising [it]. However, the corporate veil may be pierced if the plaintiff can prove both that the corporation is a mere instrumentality or alter ego of the defendant, and that the defendant engaged in improper conduct in the formation or use of the corporation. To show that a corporation is the alter ego of a defendant, a plaintiff must allege the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact nonexistent and the shareholders were in fact alter egos of the corporation.

*Id.* at 1373 (internal citations and quotations omitted).

Here, Defendant seeks to apply a reverse alter ego theory to impose the contractual obligations of a non-party individual, Elm, onto the Receivership Entities. But neither the Receiver's Complaint nor Aerofund's Reply allege that the Receivership Entities were a mere

---

[1] Aerofund even notes in its Reply that "there is no allegation that this relationship [between Elm and Fiberforce] is the basis for binding the receivership entities."

3

instrumentality of Elm or that the Receivership Entities were in fact alter egos of Elm. Aerofund's efforts to recast the Receiver's allegations to make them fit within the strictures of a reverse alter ego claim against Elm fail. The Receiver's allegations that Elm misappropriated funds from the Receivership Entity accounts do not establish the elements required for a finding of "alter ego" between Elm and the Receivership Entities and, even if they did, they do not support the application of a venue clause from an agreement between Aerofund and Fiberforce – which makes no mention of the Receivership Entities – to the Receiver's claims in this action.

Aerofund's Reply does not address the Receiver's argument that the venue provision is limited to claims between "the parties" that are "arising out of the subject matter hereof, or the interpretation, performance or breach of this Agreement". *See, e.g., Schuster v. Carnival Corp.*, No. 10-21879-CIV, 2011 WL 541580 (S.D. Fla. Feb. 8, 2011); *Matuszevoska v. Princess Cruise Lines, Ltd.*, No. 06-21975, 2007 WL 7728281, *7 (S.D. Fla. Feb. 12, 2007) (holding plaintiff was not bound by forum selection clause where plaintiff was not a party to the contract and plaintiff's claims brought under statute and common law were not "derivative" of the contract).

Ignoring the cases cited in the Response, Aerofund argues that in "any other universe" where "any kind of action" was filed based upon checks written by Elm or the Receivership Entities, "it would surely be foreseeable that he would be bound by the venue provision." (emphasis omitted). It is unclear to whom Defendant is referring. But it is clear that numerous courts have addressed this very issue and have held that a forum selection clause does not apply to fraudulent transfer claims such as those brought by the Receiver. *See also Gruner AG v. KG Components, Inc.*, No. 01 C 50137, 2002 WL 31466761, *1 (N.D. Ill. Nov. 5, 2002) (finding forum selection clause was inapplicable to fraudulent transfer claim); *In re Charys Holding Co., Inc.*, 443 B.R. 628 (Bankr. D. Del. 2010) (noting forum selection clauses should not be enforced

in core matters, and specifically with regard to fraudulent transfer claims); *AstroPower Liquidating Trust v. Xantrex Tech. Inc.*, 335 B.R. 309, 328 (Bankr. D. Del. 2005) (refusing to enforce forum selection clause as to fraudulent transfer claims).

Similar to the *AstroPower* case, here, the Receiver's claims do not arise from the Aerofund contract, but rather by operation of statute. *Id.* Further, the Receiver's fraudulent transfer claims have been brought on behalf of the investors in the Elm Tree Funds, who were not parties to the contracts with Aerofund, and who are the real parties in interest in this action. *See id.* Simply put, the Receiver's interests are not derivative of Aerofund's contracts with Elm and Fiberforce but instead flow from the Receiver's authority, pursuant to the Receivership Order entered by Judge Dimitrouleas in the underlying Commission Action, to recover fraudulently transferred funds for the benefit of investors and the Receivership Estate.

In sum, Aerofund's alter ego argument does not save its Motion, and should be rejected.

**THE REPLY DOES NOT SUPPORT TRANSFER OF THIS CASE TO CALIFORNIA**

As to the Motion to Transfer, the Reply does not support transfer of this case to the Northern District of California on forum non conveniens grounds. Tellingly, Aerofund does not even attempt to distinguish the Southern District of Florida's decision in *Carl v. Republic Sec. Bank*, No. 018981-Civ-Hurley, 2002 WL 32167730, *4 (S.D. Fla. 2002) cited in the Receiver's Response. Given that the underlying Commission Proceeding pursuant to which the Receiver was appointed has been pending in the Southern District of Florida since January of 2015, "[r]etention of the case in this Court is in the interest of efficiency and expense to the justice system because this Court is already familiar with the facts of the case and the parties have already begun litigation here." *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, No. 10-61646-CIV, *4 (S.D. Fla. Jan. 5, 2011) (noting that the "plaintiffs choice of forum should not be

disturbed unless it is clearly outweighed by other considerations"). The fact that Aerofund is in California and claims that there are documents and witnesses located in California does not support transfer of this case to California because Aerofund "has not demonstrated that Plaintiff's choice of Florida is clearly outweighed". *See id.*

Accordingly, the Court should deny the Motion in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should deny Aerofund's Motion to Dismiss Complaint or, Alternatively, Motion to Transfer Venue.

>Respectfully submitted,
>
>**BROAD AND CASSEL**
>Attorneys for Plaintiff
>2 South Biscayne Boulevard, 21st Floor
>Miami, FL 33131
>Tel: (305) 373-9400
>Fax: (305) 373-9443
>
>By: *s/Daniel S. Newman*
>    Daniel S. Newman, P.A.
>    Florida Bar No. 0962767
>    dnewman@broadandcassel.com
>    Amanda Star Frazer, Esq.
>    Florida Bar No. 43921
>    afrazer@broadandcassel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2016, a true and correct copy of the foregoing was served via electronic transmission on all counsel or parties of record on the Service List below.

>*s/Daniel S. Newman*
>Daniel S. Newman, P.A.

6

## **SERVICE LIST**

Peter H. Levitt
Shutts & Bowen, LLP
Suite 4100
200 South Biscayne Blvd.
Miami, Florida 33131
plevitt@shutts.com
*Attorneys for Aerofund Financial, Inc.*